IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs December 4, 2014

## DONNA RAY v. ANGELA PETRO

**Direct Appeal from the Circuit Court for Davidson County**
**No. 2C-4996      Carol Soloman, Judge**

---

**No. M2013-02694-COA-R3-CV - Filed January 9, 2015**

---

This is a breach of contract case arising from a sub-lease between a salon owner and her tenant. After Lessor terminated the Lease Contract, Lessee filed suit in general sessions court for damages. The general sessions court awarded Lessee $15,000 in damages. Lessor appealed to circuit court, which granted competing motions for summary judgment in favor of both Lessor and Lessee.  Lessee appealed. The judgment of the trial court is vacated and remanded, due to Tenn. R. Civ. P. 56.04 deficiencies in the trial court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Elaine Heard, Nashville, Tennessee, for the appellant, Donna Ray.

Sean W. Lyons, Nashville, Tennessee, for the appellee, Angela Petro.

### OPINION

### Background

Appellant Angela Petro[1] ("Petro" or "Lessor") is the owner and operator of Vanity Salon and Spa.  Appellee Donna Ray ("Ray" or "Lessee") is an independent cosmetologist who was primarily engaged in the business of providing manicures and pedicures to customers.  On or about July 22, 2011, Petro and Ray executed a "Lease Contract," wherein Petro leased a room of approximately fifty (50) square feet in Vanity Salon and Spa to Ray.

---

[1]Angela Petro is also referred to as "Angel" Petro periodically in the record.

Among other things, the Lease Contract provided:

1.      The Lessor leases to the Lessee commencing the 22ndnday [sic] of July 2011, and ending on the 23rd day of July 2012, a room of approximately 50 square feet including a pedicure chair, stool and, [sic] sink, with vanity manicure table and two chairs within the room area.

2.      Lessee agrees to pay Lessor rent in the sum of One Hundred Fifty Dollars ($150) per week for room rental only. Additional product usage to be paid to the Lessor by the Lessee cost plus 10%. **Rental payments are due and payable by noon on the Friday preceding the workweek.** Applicable product usage payments, if any, are due at this time for the previous week. Rent payments not received by noon on Friday shall be **charged a 10% late penalty to be included at the time the late rent is received.**

. . . .

**11.      Should Lessee fail to make any payment of rent or any other payment required to be made to Lessee hereunder, or should Lessee attempt to assign the agreement or sublease the room without having obtained Lessor's written consent, or should any other provision of this lease not be met, Lessor may, at his [sic] option, with or without notice or demand, terminate this agreement. In this event, Lessee shall immediately surrender possession of the room to Lessor. . . .**

**12.      Either party may terminate agreement for any reason by providing to the other party thirty (30) days written notice of such intent. Lessee shall be liable to pay rent as it accrues during this period, as well as pay any sums due Lessor under the terms of the Agreement, and shall return all keys to the premises to Lessor at the expiration of that period.**

(Emphasis in original.)

One of Ray's rental payments was due on January 13, 2012. Ray paid $150 in rent via a check dated January 16, 2012. Another rental payment was due on January 20, 2012. Ray paid $150 in rent via a check dated January 21, 2012. At some point on January 21, 2012, Petro had some conversation with Ray about changing the amount of her rent.

Although the record on appeal is unclear about the timing of events on January 21, 2012, Petro also prepared two letters to Ray with the date of January 21, 2012. One letter notified Ray that "10% late fees have been assessed for January 13 and January 20, 2012." Another letter from Petro to Ray stated "[p]lease accept this letter as formal notification that I am terminating our Lease Agreement. Our lease shall expire 30 days from today on February 20, 2012."

Apparently Petro also sent text messages to Ray on January 21, 2012, stating "according to paragraph 11 of our contract . . . you are in default for not making timely payments and also owe me late fees. [] These things null paragraph 12 and give me legal rights to terminate our agreement immediately. [] I want you out of my business today. . ." On January 25, 2012, Petro sent another text message to Ray stating "I'm at my attorneys [sic] office and am fully prepared to move forward with the courts but want to give you one last chance to get your things and go with no further financial obligation due to me." Ray responded via text message with "I have paid through Friday," to which Petro responded, "No. [] I want you out. [] You are in default and I am terminating our agreement right now. [] Go read paragraph 11. [] You are in arrears $30 for late fees and have not made timely payments. Get out[.]" Ray responded with another text message, stating "If you have retained an attorney I would prefer he or she can [sic] contact me. I don't feel I owe you a late fee however you still owe me 48.00 [sic] which would offset anything you feel I owe you in my opinion."

On or about August 29, 2012, Ray filed suit in the Davidson County General Sessions court against Petro for "money damages over $10,000 due to Donna Ray." On November 20, 2012, the general sessions judge issued a letter ruling, stating:

> The Court finds that the language in paragraph 11 of the Lease Contract between the parties to be overly broad and overly burdensome. To uphold such a clause would be unconscionable in the eyes of the Court. Given that the Lessor held exclusive discretion as to whether to enforce paragraph 2 or paragraph 11 in case of a default and the Lessee could possibly never have opportunity to cure a default, the evidence showed that the language is unilaterally oppressive and frustrates the purpose of the Lease Agreement. This Court, therefore, is exercising its discretion to strike paragraph 11 from the Lease agreement and finds that the Defendant, Angela Petro, breached the Lease agreement and rules in favor of the Plaintiff Donna Ray. The judgment for the Plaintiff is Fifteen Thousand Dollars. ($15,000)

On or about November 21, 2012, the general sessions court entered judgment for Ray in the

amount of $15,000.[2]  Petro timely appealed to the Davidson County Circuit Court.

On March 28, 2013, Ray filed a motion for summary judgment in the circuit court. In that motion, Ray set forth certain facts regarding the Lease Contract.  She attached the Lease Contract, copies of text messages between the parties, and Petro's discovery responses as exhibits to her motion.  Ray did not file a statement of undisputed facts or any affidavits providing testimony or authenticating the exhibits upon which she relied. In her motion, Ray argued that, by accepting the late rental payments, Petro "forfeited her right to later assert a breach of the lease based on the non-payment or late payment of the rent," citing *Woods v. Forest Hill Cemetery*, 192 S.W.2d 987 (Tenn. 1946).

On July 18, 2013, Petro filed a competing motion for summary judgment, an affidavit, a memorandum of law, and a statement of undisputed facts.  Petro asserted that Ray "directly violated the contract by failing to pay rent in a timely manner on two separate occasions, failing to pay the required late fees for each of those late rent payments[,] and altering [Petro's] salon without permission."[3]  Petro claimed she "properly exercised her right to terminate the agreement for these violations."  The record on appeal is devoid of any response filed by Ray to Petro's motion for summary judgment.

On October 4, 2013, Petro filed a response to Ray's motion for summary judgment.[4] Petro asserted that Ray's motion for summary judgment failed to comply with Tenn. R. Civ. P. 56.03, in that it failed to be accompanied by a separate concise statement of material facts and also failed to be supported by specific citations to the record.  Petro also claimed that Ray's motion for summary judgment should fail as a matter of law because Petro was within her rights to terminate the lease agreement. While Petro did not dispute that she deposited the late rental payments, she argued that the lease also required that any late rental payment be accompanied by a 10% late fee, due at the time the rent was eventually paid. Petro asserted that the required late fee was never paid and that Ray "also altered Defendant's salon

---

[2]The record on appeal contains no indication how the general sessions court arrived at this damages award.

[3]Petro claimed that, on January 21, 2012, Ray installed a deadbolt lock on the door to Ray's leased room.

[4]Petro's response to Ray's motion for summary judgment also contains her "Response to Plaintiff's Undisputed Statement of Facts." Additionally, Petro asserted six additional material facts. An Affidavit of Angel Petro was also filed in response to Ray's motion for summary judgment.  This affidavit is identical to the July 17, 2013 affidavit Petro filed in support of her own motion for summary judgment, except that it is dated October 3, 2013, and contains an additional paragraph that states, "[a]t no time did I inform Ms. Ray that her rent would be unilaterally increased."

-4-

without permission - an act that put [Petro] at risk of breaching her lease with her landlord."

On October 11, 2013, the circuit court heard the cross motions for summary judgment. On November 6, 2013, the court entered an order titled "Order Granting Defendant's and Plaintiff's Motions for Summary Judgment." The order states:

> This cause came to be heard on October 11, 2013, upon cross motions for summary judgment by both the Plaintiff and the Defendant under Tenn. R. Civ. P. 56. Based upon the statements of counsel and the entire record in this cause, the Court finds that both motions should be granted. It is therefore:
>
> **ORDERED, ADJUDGED AND DECREED,**
>
> 1. That any and all of plaintiff's claims against defendant are hereby dismissed.
> 2. That the parties are each responsible for their own costs.
> 3. That the parties shall evenly split any unpaid costs between them.
> 4. That the appeal bond paid by defendant be refunded with payment made to her attorney, Sean W. Lyons. . . .

On October 23, 2013, prior to the entry of the court's order described above but after the October 11 hearing, Ray filed a "Request for a Finding of Material Facts and a Hearing on Damages." In that request, Ray asserted that the circuit court "granted Plaintiff Donna Ray's Motion on substantive issues" and "also granted Defendant Angel Petro's Motion on procedural grounds." Ray requested that the court make "[a] [f]inding of [m]aterial [f]acts," and she also asserted that she was entitled to a hearing on damages. On November 21, 2013, the circuit court entered an order denying Ray's request for a finding of material facts. The order stated: "1. That this action has already been dismissed by order of this Court and is now closed. 2. That Plaintiff is not entitled to a finding of material facts. 3. That Plaintiff is not entitled to a damages hearing in this matter."

## Issues

Ray timely appealed. She raises the following issues for our review, which we have slightly restated:

1. Whether the trial court erred when it granted Petro's motion for summary judgment and dismissed Ray's claim.

2. Whether the trial court erred when it failed to provide the legal grounds

upon which it granted Petro's motion for summary judgment and dismissed Ray's claim.

**Discussion**

A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is therefore *de novo* with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010).

We address Ray's second issue first, as it is dispositive. In 2007, Tennessee Rule of Civil Procedure 56.04 was amended to require trial courts to "state the legal grounds upon which the court denies or grants the [summary judgment] motion" and to include such statement in the order reflecting the court's ruling.[5] In part, the change to Rule 56.04 was intended to enable reviewing courts to easily ascertain the legal basis for the trial court's decision. *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 313 (Tenn. 2014). This Court has stated that "[w]hen the legal grounds for the trial court's decision are omitted, a reviewing court cannot analyze the decision's validity, and appellate review becomes unnecessarily speculative." *Winn v. Welch Farm, LLC*, No. M2009-01595-COA-R3-CV, 2010 WL 2265451, at *5 (Tenn. Ct. App. June 4, 2010).

The requirements of the current version of Rule 56.04 are "specific and without exception." *Id.* (citing Tenn. R. Civ. P. 56.04). Since its adoption, this Court has, on occasion, vacated summary judgment orders that failed to comply with Rule 56.04 and remanded them to the trial court for further consideration. *See, e.g., Ragland v. Morrison*, No. W2013-00540-COA-R3-CV, 2013 WL 4805624, at *4-5 (Tenn. Ct. App. Sept. 10, 2013); *State v. Centurion Industria e Comercia de Cigarros, LTDA*, No. M2010-02602-COA-R3-CV, 2011 WL 2923725, at *7 (Tenn. Ct. App. July 20, 2011); *Winn*, 2010 WL 2265451, at *6; *Eluhu v. HCA Health Servs. of Tenn. Inc.*, No. M2008-01152-COA-R3-CV, 2009 WL 3460370, at *21 (Tenn. Ct. App. Oct. 27, 2009). In other cases, however, this Court has chosen to "soldier on without guidance from the trial court," *Church v. Perales*, 39 S.W.3d 149, 158 (Tenn. Ct. App. 2000), where the basis for the trial court's decision can be readily gleaned from the record. *See, e.g., Burse v. Hicks*, No. W2007-02848-COA-R3-CV,

---

[5]"Previously Rule 56.04 required a trial judge 'upon request' to state the legal grounds for granting summary judgment. The amendment extends that principle to a denial of summary judgment. The amendment also deletes the words 'upon request.'" Tenn. R. Civ. P. 56.04 Adv. Comm'n Cmt. to 2007 amend.

2008 WL 4414718, at *2 (Tenn. Ct. App. Sept. 30, 2008) (proceeding with review "for the sake of judicial economy" after determining that "[t]he record presents a clear legal issue"); *White v. Pulaski Elec. Sys.*, No. M2007-01835-COA-R3-CV, 2008 WL 3850525, at *3 (Tenn. Ct. App. Aug. 18, 2008) (proceeding with review after determining that the legal grounds for summary judgment were "readily found" in the record); *Burgess v. Kone, Inc.*, No. M2007-02529-COA-R3-CV, 2008 WL 2796409, at *2 (Tenn. Ct. App. July 18, 2008) (proceeding with review after determining that the legal grounds for the trial court's decision were "readily ascertained" because the record included a CD-Rom of the hearing, including the court's ruling from the bench).

The Tennessee Supreme Court recently addressed the requirements of Rule 56.04 and the appellate courts' enforcement of that rule in *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 313-14 (Tenn. 2014). In *Smith*, the supreme court began its analysis of Rule 56.04 by emphasizing the crucial role the judicial system plays in society and remarking that "[p]roviding reasons for a decision reinforces the legitimacy of the legal process which, in turn, promotes respect for the judicial system." *Id*. at 313. The Tennessee Supreme Court explained that Rule 56.04's mandate that the trial court state its grounds for a decision not only assists appellate courts in their review but that the required explanation "of the basis for judicial decisions promote[s] respect for and acceptance of not only the particular decision but also for the legal system." *Id*. Emphasizing the latter of those two objectives, the Court suggested that appellate courts should take care not to be too lenient in their enforcement of Rule 56.04's requirements:

> Despite the amendments to Tenn. R. Civ. P. 56.04 making the statement of grounds mandatory, the Court of Appeals has been reticent to vacate summary judgment orders that plainly do not comply with Tenn. R. Civ. P. 56.04 and to remand them to the trial court for further consideration. The court continues to conduct archeological digs and to review summary judgment orders when the basis for the trial court's decision can be readily gleaned from the record and to remand the case only when their practiced eyes cannot discern the grounds for the trial court's decision.

> We readily agree that judicial economy supports the Court of Appeals' approach to the enforcement of Tenn. R. Civ. P. 56.04 in proper circumstances when the absence of stated grounds in the trial court's order does not significantly hamper the review of the trial court's decision. However, in the future, the resolution of issues relating to a trial court's compliance or lack of compliance with Tenn. R. Civ. P. 56.04 should also take into consideration the fundamental importance of assuring that a trial court's decision either to grant or deny a summary judgment is adequately explained and is the product of the

-7-

trial court's independent judgment.

*Id.* at 314 (footnotes omitted).

We now turn to the trial court's order in this case. The trial court's November 6, 2013 order specifically finds that both motions for summary judgment should be granted. The order goes on to dismiss "[Ray's] claims against [Petro]." The order does not state the legal grounds for the grant of summary judgment, and the trial court did not recite any evidence or argument it considered in making its decision. This order does not comply with Rule 56.04.

While we acknowledge that this Court has, in the past, chosen to proceed with its review when the legal grounds for the trial court's decision were "readily gleaned" from the record, we do not believe such action is appropriate in this case. The appellate record in this case does not contain a transcript of the hearing on the motion for summary judgment or any other indication of the legal grounds for the trial court's decision.[6] In addition to causing us to wonder how the trial court could find "that both [summary judgment] motions should be granted," we are also unable to determine, based on the trial court's order, exactly why Ray's claims against Petro were dismissed.

We cannot determine from the record whether the trial court found Ray's motion for summary judgment insufficient under Tenn. R. Civ. P. 56. We are also unable to determine whether the trial court found Petro's factual assertions undisputed due to Ray's failure to respond pursuant to Tenn. R. Civ. P. 56.03 or whether the trial court found that any disputed facts were immaterial. Further, Petro asserted three reasons why she was justified to cancel the Lease Contract immediately: (1) Ray's failure to timely pay rent on two occasions; (2) Ray's failure to pay a late fee when she paid her late rent, and; (3) Ray's installation of a lock on the door to her leased room. The record does not indicate on which of these three justifications the court relied in dismissing plaintiff's claim.

Given the foregoing, "[w]e cannot proceed with a review, speculating on the legal theories upon which the trial court may have ruled and the legal conclusions the trial court may have made." *Winn*, 2010 WL 2265451, at *6. Accordingly, we must vacate the order of the trial court granting the cross motions for summary judgment and remand this case for further proceedings consistent with this opinion. The parties are free to re-assert their

_____

[6]The record on appeal does contain a Statement of the Evidence provided by Appellant Ray. However, the Statement of Evidence Ray filed is only a procedural and brief factual history of this case, rather than a summary of the trial court's oral ruling, if any.

respective motions for summary judgment on remand.

## Conclusion

Given the foregoing, the judgment of the Davidson County Circuit Court is vacated, and this case is remanded for further proceedings consistent with this opinion. Costs are taxed one-half against the Appellee, Angela Petro and one-half against the Appellant, Donna Ray, and her surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE